2496 from the Eastern District of Arkansas, Smart Communications Collier v. Pope County Sheriff's Office, et al. Mr. Doan. May it please the court. We're here today for this court to interpret de novo the meaning of a form selection clause. The form selection clause is at appellate's addendum page 10 at section 9.4 of the contract. The form selection clause states the parties mutually agree that any litigation arising here under shall be brought and completed in Pope County, Arkansas, and other pertinent Arkansas courts. It also adds that neither party shall seek to remove such litigation from circuit courts or appellate courts of the state of Arkansas. Focusing on the first part of the form selection clause, again, it provides that any litigation shall be both brought and completed in Pope County, Arkansas, and other pertinent Arkansas courts. So this lawsuit today could have been brought in Pope County, Arkansas, and also in other pertinent Arkansas courts, and it is required to be completed in Pope County, Arkansas, and in other pertinent Arkansas courts. Now the use of the word in, as you may have seen in the briefs, the use of the word in tells us these are geographic limitations and not jurisdictional limitations. But the keys to this case, your honors, are the words brought and completed and other pertinent Arkansas courts. These words distinguish this form selection clause from the others. The cases that are cited in the briefing and the one case that was cited in the district court's order, all of those limit the form in those particular cases based on the words venue or jurisdiction. None of those cases establish the form by using the words brought and completed. And it's these words that establish the Eastern District of Arkansas as a proper form here. And I'll focus on other pertinent Arkansas courts. The word pertinent by definition describes and expands the geographic limitation in the form selection clause. This is Judge Smith. I have difficulty with the logic you're using in the interpretation of this particular provision when the description is of a location in a specific county in Arkansas in a designation of Arkansas courts. It doesn't say federal courts in Arkansas. It says Arkansas courts. It is in some cases it doesn't say of or in Arkansas courts. It simply says Arkansas courts so that the name Arkansas is being used as a descriptor for courts. And in the context of the paragraph, it goes on to prohibit removal from Arkansas courts to federal courts. And so it seems that it's coming at this very clearly to say that litigation in this case is going to be in Polk County, Arkansas. It could be in a district court in Polk County or circuit court in Polk County, and it can go through the appellate courts of Arkansas. But I see nothing in this provision that authorizes the litigation over this dispute in a federal court. Well, Your Honor, let me start. There's quite a few issues that you put on the table, and I appreciate that. Let me start with your comment that you see it being required to be in Polk County, Arkansas. If the litigation is required to be in Polk County, Arkansas, and that would be either in the state district court or the circuit court, or if there were a federal court in the county, one of those locations. There is no federal court in Polk County. Right. So, OK, in Polk County, Arkansas, that meant only the state district court and the circuit court. That completely writes out of this form selection clause the remaining option for where the court can be brought, I mean, where the case can be brought. And that is in other pertinent Arkansas courts. No, the pertinent Arkansas courts would be the courts of appeal that would from which appeal from a decision in Polk County would go. Well, let me discuss it this way. If we focus on the word completed, this form selection clause has a requirement that a case be completed, and it has to be completed in Polk County, Arkansas, and in other pertinent Arkansas courts, however we define that. A case filed in Polk County, Arkansas, possibly could be completed in the Supreme Court of the United States. Because of that, other pertinent Arkansas courts must have been intended to be broad enough to include the Supreme Court of the United States. I think this is a distinction between the cases that are cited that only talk about venue and only talk about jurisdiction. The only way that case would get to the Supreme Court of the United States would be to go through the appeals process in Arkansas courts to the state's highest court and then appeal from the state's highest court to the U.S. Supreme Court, but not through the federal trial courts and federal intermediate appellate courts. I agree with you. But what I'm saying is the fact that the completed requirement in this form selection clause, the fact that it requires the potential and the possibility that the Supreme Court of the United States must be one of the courts in which the cases can be completed, I believe that expands the definition of the phrase other pertinent Arkansas courts. And if I could, I can. I'm having a hard time with that because I'm hearing you argue that somehow the inclusion of that and the fact that a federal constitutional question could be appealed to the United States Supreme Court somehow renders the Supreme Court of the United States an Arkansas court. I mean, I'm I'm having a hard time with that. I mean, it seems to me that the modifiers are playing. We have the word court modified by the word Arkansas, and it just strikes me that Arkansas courts have got to be courts that are state courts or county courts in Arkansas or the or the appellate courts from the from those trial courts. Why am I wrong? Oh, your honor, I believe what we're trying to do is give effect to all language in this contract following the contract interpretation cannons. And in addition, applying plain and ordinary meaning to these clauses. So we to give all of the language where possible, some meaning to give meaning to the completed in Pope County, Arkansas and other pertinent Arkansas courts. I believe in the context of the entire form selection clause, it requires the reading that the other pertinent Arkansas courts can include the Supreme Court United States. It can include your court, the Eighth Circuit Court of Appeals, and it can include the Eastern District of Arkansas court. And I go back to the definition of what the word pertinent means. I guess that's the key. Either you agree or you don't agree that the word pertinent modifies Arkansas courts pertinent. The definition of pertinent is relevant to, applicable to or belonging to a particular matter. And in this case, I believe what it's referring to is courts that are pertinent to, applicable to or belonging to Arkansas courts that are relevant to, applicable to or belonging to the parties at issue. The form selection clause is sufficiently broad to include the Eastern District of Arkansas under that explanation and that definition of the clause. So backing up, looking again, again, none of the cases, I understand the cases that are cited in the brief and the one case that was cited in the district court's opinion, fit perfectly the situation that you're describing where, you know, it's purely restricted to geographical only in Arkansas. But I believe that the fact that it has the completed language, which is completely distinct from those other cases, and the fact that it has the broad language, it just changes the entire context. And it opens up the scope of the clause to include the Supreme Court of the United States, the Eighth Circuit Court of Appeals, and the Eastern District of Arkansas. And then when we get to the waiver removal provision, again, I disagree with the district court's conclusion and with Polk County's conclusion. The fact that if the district court's conclusion is correct and that there was no option to bring litigation in federal court, there would be no reason for there to be, with this particular clause, there'd be no reason for there to be a waiver of removal. Because if state court was the only option, it would be a violation of the form selection clause for a case to be removed because it could no longer be completed in state court. So I believe the only way all of this works together and is coherent is where a plaintiff has an option to bring litigation in state or federal court. The waiver of removal then eliminates the defendant's ability to frustrate that choice of form by waiving the option of removal. That makes sense. Your Honors, I've reserved five minutes. If you don't have any further questions at this time, we'll follow up after Appellee's comments. Thank you, Mr. Doan. Mr. Owens. May it please the court. Thank you, Your Honor. May it please the court. My name is Jason Owens. I represent Polk County in this case. This case, at least at this point, does revolve around the governing law provision. It's not titled as a choice of form or anything like that. It's entitled a governing law provision at 9.4 of the agreement. It contains two clauses that mutually reinforce the party's agreement that any cases arising from the contract will be brought and completed in Polk County, in state court in Polk County and any appropriate Arkansas appellate courts and not removed to any other courts by any process. The first clause importantly uses the term shall. It's not a mandatory. It is a mandatory clause, not a choice or optional clause brought and completed in Polk County, Arkansas. As the court has noted and as Judge Marshall noted, there is no federal courthouse or divisional office in Russellville or Polk County. The important maybe the most important word in the first clause is the word and the smart communications wants this first clause to read as a choice for clause. But it doesn't bear that reading because it uses the word and not the word or, of course, any choice clause would necessarily include the word or. You can bring it in Polk County or somewhere else. This clause uses the word and that you can bring it in Polk County. And as the court has noted, pertinent Arkansas courts, despite all the citations of cases outside of the 8th Circuit, applying the so-called in doctrine. None of those cases have ever applied the in doctrine for language exactly like this Arkansas courts. Instead, those in doctrine cases interpret language courts in Arkansas. Arkansas courts necessarily means just by plain interpretation. Does that mean, Mr. Owens, that the parties have waived any right to petition the Supreme Court of the United States at the end of the line? Well, of course, the status of the Supreme Court is an interesting question here because the Supreme Court serves as both the chief court of the federal and state systems. I don't think it does because I think that that would be a pertinent Arkansas court in this case. I don't understand that. I thought your whole point was the modifier Arkansas means it must be a court of the state of Arkansas and the Supreme Court of the United States is not such a court. So, if you say that Arkansas courts are a federal court, then why doesn't that mean that it could mean the U.S. District Court? No, I think that's correct, Your Honor. Pertinent Arkansas courts means and can only mean courts in the state of Arkansas. Certainly, that's not the issue before the court at this point. I know, but Mr. Doan says we've got to deal with the implications of your position, which apparently would be that the parties have waived their right to go to the Supreme Court of the United States. He says that can't be right, so we've got to read it to mean something else. The Supreme Court of the United States can be an Arkansas court, and therefore a federal court can be an Arkansas court. First of all, why can't it? Parties agree to arbitration and nonjudicial remedies all the time. Certainly, the parties could agree not to petition for a writ of certiorari, which is, of course, a very rare writ in the first instance. It would be waiving something that is not likely to occur anyway. I think this language means what it says, other pertinent Arkansas courts. The word and also eliminates that possibility because it's not the word or. It must be brought in Pope County. The cases we cited in our briefing, numerous cases say that where language is used in a particular county where there's not a federal courthouse, it must be read to mean only state courts. The second clause reinforces that language because it says, and I'll read the whole thing here because I think the whole clause is important. And further, that neither party shall seek to remove such litigation from circuit courts or appellate courts of the state of Arkansas by application of conflict of laws or any other removal process to any federal court or court not in Arkansas. This initial verbiage that neither party shall seek to remove means remove in the normal common understanding or colloquial sense, not in the legal or statutory sense of a notice of removal. We know that because it goes on to say that neither party will seek to remove by application of conflict of laws that that phrasing wasn't discussed at all in smart briefings. But I think it's important because what it's saying here is that neither party shall even try, attempt, seek to remove this case from what the circuit courts or appellate courts of the state of Arkansas to any federal court or court not in Arkansas. And what litigation are we talking about? The beginning of that of that clause phrases it as such litigation. Well, such litigation obviously references a definition earlier in the provision, which is any litigation arising here under. And so it presupposes that any litigation arising here under will be situated in the circuit courts or appellate courts of the state of Arkansas and not be removed by any process, including but not limited to statutory removal. That's all that was discussed by smart communications, but it also includes application of conflict of laws and any other removal process. In other words, you make no attempt. Neither party will make any attempt to try to remove it from its appropriate venue in the circuit courts or appellate courts of the state of Arkansas. Mr. Owens, this is this is this is Judge Smith. What was the jurisdictional basis for smarts filing in the federal district court? Diversity, as I recall, your honor. Although I do believe they stated a federal claim as well. So they may have had it right in front of me. They may have also alleged a federal question. The so it's certainly the county's position that by using the word shall the phrase in Polk County and not using the word or in the first clause, but using the word and. And then in the second clause, reinforcing that by the phrase such litigation, which means any litigation arising here under may not be removed. Again, in the colloquial or common sense understanding of that term, because it includes not only statutory removal, but application of conflict of laws or any other removal process from where it would normally be circuit courts or appellate courts of the state of Arkansas to any federal courts or courts not in Arkansas. But those clauses mutually reinforce the understanding that any cases arising in a disagreement must necessarily be brought in. Polk County may be appealed in Arkansas courts, but may not be removed in any way from the circuit and appellate courts in the state of Arkansas to any federal court or court not in Arkansas. For those reasons, the county would ask the court to affirm the district courts holding and dismiss this case for lack of being. I see I've got some time left, but if the court has no further questions, I'll be. I see none. Thank you, Mr. Owens. Thank you. Mr. Don't your rebuttal. Your Honor, let me first address the discussion that Mr. Owens had regarding the word and and his comment about it not including or being replaced by the word or and that somehow deconstructing our argument. The and the conjunctive and my understanding, it is also it has the same meaning as as well as so we could certainly replace as well as in that clause where. The. Forum would be. Brought as well as completed in Polk County, Arkansas, as well as other pertinent Arkansas courts. In other words, I think the clause would completely collapse if it if it was construed where both of those requirements had to be completed and met at the same time. But I will go back to the discussion that we were having before, and that is. The completed requirement in the form selection clause. Must include the Supreme Court of the United States as an option for completing litigation. If not, because if not, the form selection clause is violated, it would be violated. It would be violated anytime a case was carried on appeal up to the United States Supreme Court. Right, why couldn't why couldn't the clause be a waiver of any access to the federal forum and just an agreement that the parties will settle for whatever the Supreme Court of Arkansas decides? Because I don't believe that any any part of this, this clause would be construed as a clear and unequivocal waiver of an appeal to the United States Supreme Court. I believe that I believe that would have to be something that was clear and unequivocal, and I don't believe that's that's here. And really, because I think the better argument in the in the clearer argument is that this evidences and gives effect to exactly what the parties intended. This clause provides again that. Because the United States Supreme Court has to be a possibility, it has to be an optional court for completion. That broadens and expands the definition of other pertinent Arkansas courts, which would then also include the Eastern District of Arkansas. Both of those courts would be pertinent. They would relate to they would be applicable to they would have jurisdiction over in every way Arkansas courts. What would not maybe another way at it as well as the limitation of the Western District of Arkansas would not be a pertinent Arkansas court to the dispute or to these parties contract Florida. My client's residence would not be a pertinent federal court. I think the key is the word pertinent. What would make a court pertinent to this dispute and to Arkansas courts? And I think that also, again, fits exactly with the second part of the form selection clause and the removal waiver. Well, does that removal waiver language, is it broad enough to to be a waiver of the of any appeal to the Supreme Court of the United States? I mean, just or any other removal process to any federal court. And it seems like, you know, the Supreme Court of the United States is a federal court. But I don't believe that can be construed as a removal in any form or fashion. I don't believe an appeal can be considered to be the equivalent of a removal. Oh, it's not as of right. It's a petition for certiorari. Correct. But I do not believe that it would be I do not believe it can be construed to give to use. Plain and ordinary meaning, I'm looking at the canons of contract construction. I don't believe if we applied those that we could ever come up with that as the meaning of the removal process, being that the right to appeal to the Supreme Court would be waived. But just one last thing is that when I read the complaint, I thought it was a pure diversity based complaint. But somehow, Mr. Owens suggested there may be a federal question here. And I didn't see that in the jurisdictional allegations in the complaint. Is there, in fact, a federal question that we're concerned with here? I do not believe so, Your Honor. I believe it is only diversity jurisdiction. Well, Your Honor, my time is almost up, Your Honors. Again, I'll just quickly conclude. I believe the completed requirement that requires SCOTUS as an option. I believe that broadens the scope of other pertinent Arkansas courts. That broadening then opens the door for the Eastern District of Arkansas to be an other pertinent Arkansas court. The waiver removal provision makes perfect sense if federal court is an option. If it's not an option, then a removed case would, again, violate the completed provision. And the waiver removal would be superfluous. For these reasons, the Foreign Selection Clause provides that the Eastern District of Arkansas is a proper form. And the district court's order and judgment, we request, be vacated and the case remanded. Thank you very much. Counsel, just one last question. Did you include that SCOTUS logic in your brief? Your Honor, I do not believe it was in the brief expressly. I don't recall it. That's why I ask. I believe you're correct. I don't believe it was expressed as directly as I've said it today. Thank you, Counsel. The court appreciates both of your attendance this morning and provision to us of argument in resolving the matter. We'll take the case under advisement and render the decision due course. Thank you.